UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOMMY G. THOMPSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-2279** |
| **TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., ET AL.** | **SECTION: "C" (4)** |

## ORDER

Before the Court is a **Motion for Leave to Amend Answer of the Takeda Defendants to Plaintiffs' Complaint (R. Doc. 17)** filed by Defendants Takeda Pharmaceuticals International, Inc., Takeda Global Research & Development Center, Inc., Takeda Pharmaceuticals America, Inc., Takeda San Diego, Inc., Takeda Pharmaceuticals International, Inc. ("Defendants"), seeking an order from this Court granting them leave to file an amended answer. The motion is unopposed. The motion was heard on the briefs on Wednesday, January 11, 2012.[1]

### I. Factual and Procedural Background

This personal injury lawsuit was brought as a result of the injuries sustained by Plaintiff Tommy G. Thompson after ingesting the drug ACTOS®, a prescription medication used to improve blood sugar in adults with Type II diabetes. (R. Doc. 1, ¶ 1.) Mr. Thompson and his wife, Lua Thompson ("Plaintiffs"), allege ACTOS® is a defective drug that caused persons who ingested the drug, including Mr. Thompson, to develop bladder cancer. (R. Doc. 1, ¶ 49.) Plaintiffs complaint

---

[1] The motion was originally set for hearing with oral argument. (R. Doc. 31.) However, both parties failed to appear at the hearing. Therefore, Defendants' motion was considered on the briefs.

asserts claims against forty-eight (48) defendants, each of whom Plaintiff alleges manufactured, marketed, advertised, distributed, promoted and/or sold the drug. (R. Doc. 1, ¶¶ 9-48, 52.) Plaintiffs allege that Defendants knew of the dangerous risks associated with the drug, yet failed to adequately warn consumers and the medical community of the risk of bladder cancer after more than twelve (12) months of ingestion. (R. Doc. 1, ¶ 50.) Plaintiffs also allege Defendants failed to comply with the federal standards applicable to the sale of prescription drugs. (R. Doc. 1, ¶ 88.) Plaintiffs seek damages, including damages for Mr. Thompson's health care costs, and pain and suffering. (R. Doc. 1, ¶ 7.)

As to the instant motion, Defendant seeks leave of Court to file an amended answer. Defendants contend that after their answer was filed on October 19, 2011, they obtained "new information" regarding the role of Defendant Takeda San Diego, Inc. Accordingly, Defendants now seek leave to amend their responses. The motion is unopposed. Further, no scheduling order has been issued by the Court in this case.

## II.   Standard of Review

Federal Rule of Civil Procedure ("Rule") 15(a), which governs the amendment of pleadings, provides that leave to amend pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). This, and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Thus, Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). "This policy is certainly strongest when the motion challenged is the first motion to

amend." *Thompson v. New York Life Insur. Co.*, 644 F.2d 439, 444 (5th Cir. 1981).

However, leave to amend is by no means automatic. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.* As outlined by the Supreme Court, courts in this Circuit examine five considerations to determine whether to grant a party leave to amend a complaint: (1) undue delay; (2) bad faith, or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; and (5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Absent any of these factors, leave to amend a complaint should be "freely given." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) *(*citing *Forman*, 371 U.S. at 182).

## II.   Analysis

### A.   Local Rule 7.5

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. Here, Defendant's motion was noticed on January 4, 2012. Thus, any oppositions were due on December 27, 2011. Plaintiffs' opposition was not filed until December 30, 2011. (R. Doc. 26.) Thus, it is untimely. Further, Plaintiffs failed to seek an extension of time within which to oppose the motion, s*ee* Local Rule 7.8, or leave to file their motion after the deadline. Plaintiffs also did not explain the untimeliness of their motion. Thus, Plaintiffs' opposition will not be considered by the Court.

### B.   Defendants' Proposed Amendment

No scheduling order has been issued by the Court in this case. Thus, the Defendants have

not missed any Court deadlines, and the Court's analysis is limited to Rule 15.

In support of their motion, Defendants contend that leave to amend should be granted, as they are not seeking amendment for any improper purpose, nor will the proposed amendment prejudice Plaintiffs.

Defendants' proposed amendment includes changes to Defendants' responses to paragraphs 37 and 38 of the Complaint. The proposed amendment denies allegations that Defendant Takeda San Diego, Inc. transacted and conducted business in the State of Louisiana, or that it received revenue from the sale of ACTOS® in the State of Louisiana. (R. Doc. 17-4, p. 9.)

Because Plaintiffs' failed to timely submit their opposition, and because nothing in the record suggests leave to amend should be denied under Rule 15, Defendants' motion is granted.

**IV. Conclusion**

**IT IS ORDERED** that Defendants' **Motion for Leave to Amend Answer of the Takeda Defendants to Plaintiffs' Complaint (R. Doc. 17)** is **GRANTED**.

New Orleans, Louisiana, this 13th day of January 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**